**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CAROL A. KALINOSKI,**

     **Plaintiff,**

       **v.**

**DONALD L. EVANS, Secretary of**
**Commerce**

     **Defendant.**

**Civil Action No.  04-1206 (JDB)**

## ORDER

      This action arising under Title VII of the Civil Rights Act of 1964 ("Title VII") comes

before the Court on the motion of  Mary Jean Kane -- a licensed social worker who has provided

counseling to the plaintiff -- to quash a subpoena served on her by the defendant in this action.

The subpoena requests:

> Any and all medical records pertaining to treatment for mental health, emotional
> conditions and physical symptoms related to any psychiatric or emotional condition
> without limitation, regardless of the date or subject matter (including progress
> notes, hospital entries, psychiatric records, counseling records, lab reports, data, x-
> ray, films, reports, bills, invoices, and all other such documents) for Carol A.
> Kalinosky [sic].

Motion to Quash, Ex. 1.  Kane argues that the subpoena seeks the disclosure of information that is

protected from disclosure by the common law psychotherapy privilege under Jaffee v. Redmond,

518 U.S. 1, 11 (1996), the Health Insurance Portability and Accountability Act of 1996 (HIPAA)

and the regulations promulgated thereunder, and District of Columbia law.  For the reasons set out

below, the motion to quash the subpoena is granted in part and denied in part.[1]

Kane's contention that the information sought in the subpoena is privileged under Jaffee v. Redmond runs up against the rule that the psychotherapist privilege is waived when a plaintiff places her mental state at issue.  See Schoffstall v. Henderson, 223 F.3d 818, 822 (8th Cir. 2000) ("Numerous courts since Jaffee have concluded that, similar to attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue."); Fox v. The Gates Corp., 179 F.R.D. 303, 305-06 (D. Colo. 1998) (holding that a plaintiff waives "the psychotherapist-patient privilege by initiating a legal action in which she claims damages for emotional distress").  Plaintiff has done precisely that, through her allegations that defendant's actions caused her severe emotional distress and led her to seek the services of a mental health professional.  See Compl. ¶¶ 52, 63, 75; Dep. of Carol Kalinoski, Mar. 10, 2004, at 161-62.

The Court turns next to the relevant provisions of the HIPAA regulations.  Kane argues that disclosure of her notes is foreclosed by 45 C.F.R. § 164.508(a)(2), which provides: "Notwithstanding any provision of this subpart . . . a covered entity must obtain an authorization for any use or disclosure of psychotherapy notes."[2]  However, Kane has received precisely the

---

[1]  This Order clarifies, and to some extent departs from, the reasoning expressed by the Court in a recent hearing on this matter.

[2]  "Psychotherapy notes" are defined elsewhere in the HIPAA regulations as:

authorization required by the regulations.  Plaintiff has signed an "Authorization to Release

Medical Information" that lists Kane as the provider and requests:

> Any and all documents . . . regarding Carol A. Kalinosky [sic], including but not
> limited to . . . .  Copy of complete chart, progress notes & interview notes, intake
> form, discharge summaries, operative reports, x-ray & all imagery, laboratory tests,
> pathology tissue, and all diagnostic studies.

Def.'s Opp. to Mot. to Quash, Ex. 2.

Kane contends that the "authorization" required by section 164.508(a)(2) refers not only to

the authorization of the client, but to that of the mental health specialist as well.  This is an

untenable reading of the provision.  At least in those cases where the specialist is the "covered

entity" in possession of the notes, Kane's reading of the regulation leads to the awkward

construction that a specialist is expected to "obtain" her own authorization.  The regulation also

notably refers to "an authorization", connoting a single authorization rather than two.  Finally,

other regulations suggest that the "authorization" referred to throughout section 164.508 is the

"authorization of the individual," and there is nothing in section 164.508(a)(2) in particular that

suggests the word "authorization" was intended to imply something different there.[3]  45 C.F.R. §

---

notes recorded (in any medium) by a health care provider who is a mental health
professional documenting or analyzing the contents of conversation during a
private counseling session or a group, joint, or family counseling session and that
are separated from the rest of the individual's medical record. Psychotherapy notes
excludes medication prescription and monitoring, counseling session start and stop
times, the modalities and frequencies of treatment furnished, results of clinical
tests, and any summary of the following items: Diagnosis, functional status, the
treatment plan, symptoms, prognosis, and progress to date.

45 C.F.R. § 164.501.

[3]  Kane must look outside of the text of section 164.508(a)(2) to support her argument that
a client authorization is insufficient, seizing on the language in 45 C.F.R. § 164.524(a)(1)(i)
excluding "psychotherapy notes" from the general rule that "an individual has a right of access to

164.512(e).  See 45 C.F.R. 164.512 (discussing the situations where "the written authorization of the individual, as described in § 164.508" is unnecessary).

Kane is therefore left to argue that the authorization is inadequate because it does not specifically make reference to "psychotherapy notes" in the list of permitted disclosures.  But since the form is addressed to a psychotherapist, authorizes the disclosure of "progress notes" and "interview notes", and includes an umbrella provision for "any and all documents" regarding plaintiff, it would blink reality to conclude that the authorization somehow excludes psychotherapy notes.  Any lingering doubt on the issue is removed by plaintiff's own statement that she believes the authorization is "sufficient" for present purposes, and that she would be willing to submit another authorization were the court to so require.  Pl.'s Resp. to Mot. to Quash at 3-4.  The Court therefore finds that plaintiff has authorized the disclosure of psychotherapy notes within the meaning of section 164.508(a)(2).

The issue is ultimately an academic one, however, for section 45 C.F.R. § 164.512(e) of the regulations provides that a "covered entity may use or disclose protected health information without the written authorization of the individual, as described in § 164.508 . . . . in response to an order of a court . . . ."  The Court concludes that an order that denies Kane's motion to quash and therefore enforces the defendant's subpoena is appropriate in this case.  Defendant's request for the notes is "reasonably calculated to lead to the discovery of admissible evidence" under

---

inspect and obtain a copy of protected health information about the individual in a designated record set."  However, it does not follow from the fact that a patient is not allowed to inspect her own notes under section 164.524(a)(1)(i) that a court order plus a patient authorization are insufficient to permit the production of notes in a court proceeding.  Unlike section 7-1201.03 of the D.C. Code (which even then applies only to a subset of a psychotherapist's notes), there is no indication that the intent of the HIPAA regulations were to shield psychotherapy notes entirely from discovery in a judicial proceeding.

Federal Rule of Civil Procedure 26, in that the notes bear directly on plaintiff's claims of emotional distress.  There is no claim that the subpoena imposes an "undue burden or expense" on Kane within the meaning of Federal Rule of Civil Procedure 45.  A comprehensive and stringent protective order is in effect in this case that will severely limit the disclosure of these materials.  And as indicated, the plaintiff has taken the step of placing her mental health in issue, and has expressly authorized the disclosure of her mental health information to defendant in a written authorization to Kane and in her papers to the Court.  All of these circumstances weigh strongly in favor of an order requiring Kane to produce the mental health information in her possession under 45 C.F.R. § 164.512(e).

Kane nonetheless objects to such an order on the final ground that it would conflict with District of Columbia law.  Kane is correct that the provisions of the District of Columbia code are -- in several pertinent respects -- even more protective of mental health information than the HIPAA regulations.  Of most relevance here is section 7-1201.03 of the Code, which imposes strict limits on the disclosure of the "personal notes" of mental health professional:

> If a mental health professional makes personal notes regarding a client, such personal notes shall not be maintained as a part of the client's record of mental health information. *Notwithstanding any other provision of this chapter*, access to such personal notes shall be *strictly and absolutely limited* to the mental health professional and shall not be disclosed except to the degree that the personal notes or the information contained therein are needed in litigation brought by the client against the mental health professional on the grounds of professional malpractice or disclosure in violation of this section.

D.C. Code § 7-1201.03 (emphasis added).[4]  The reference in section 7-1201.03 to "any other

---

[4]  "Personal notes" are defined as "(A) Mental health information disclosed to the mental health professional in confidence by other persons on condition that such information not be disclosed to the client or other persons; and (B) The mental health professional's speculations." D.C. Code § 7-1201.01(13).

provision of this chapter" includes those provisions of the D.C. Code relating to the production of mental health information upon client authorization or in certain court proceedings, meaning that this section would seem to override those provisions as to "personal notes."  And because section 7-1201.03 is "more stringent" than the federal HIPAA regulations with regard to the treatment of those notes, it is not preempted by those regulations.  See 45 C.F.R. § 160.202, 45 C.F.R. § 160.203(b).

However, this Court is limited to applying the federal law of privilege in this case involving a federal cause of action.  See Fed. R. Evid. 501 (providing that "the privilege of a . . . person . . . shall be governed by the principles of the common law" as interpreted by the federal courts "[e]xcept as . . . provided by Act of Congress"); In re Sealed Case, 381 F.3d 1205, 1211 (D.C. Cir. 2004) (holding that it is "clear that when a plaintiff asserts federal claims, federal privilege law governs").  For this reason, several courts have held that state laws relating to the privacy of mental health information that are "more stringent" than the HIPAA regulations -- although not preempted by those regulations -- are unenforceable with regard to federal claims in federal court.  As the Seventh Circuit recently explained:

> [T]he HIPAA regulations do not impose state evidentiary privileges on suits to enforce federal law.  Illinois is free to enforce its more stringent medical-records privilege . . .  in suits in state court to enforce state law and, by virtue of an express provision in Fed.R.Evid. 501, in suits in federal court (mainly diversity suits) as well in which state law supplies the rule of decision.  But the Illinois privilege does not govern in federal-question suits, such as the suit in the Southern District of New York.

Northwestern Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 925 (7th Cir. 2004); Equal Empl. Opportunity Comm'n v. Boston Market Corp., No. 03-4227, 2004 WL 3327264, at *2 (E.D.N.Y. Dec. 16, 2004) ("[T]he C.P.L.R. section to which plaintiff points remains the law in areas in

which New York State has the authority to regulate, but it has not become the law in areas within the federal domain.  Accordingly, New York law does not apply here, and no comparison of HIPAA and New York law is necessary to determine if the state law is 'more stringent.'") (quotation omitted); A Helping Hand, LLC v. Baltimore County, 295 F. Supp. 2d 585, 592 (D. Md. 2003) ("As for the cited Maryland provisions" relating to a patient-psychotherapist privilege, "the privileges they establish are not applicable here because this lawsuit is governed by federal, rather than state, law.").[5]

This Court agrees with the reasoning of the Seventh Circuit and the other cases that have reached the same conclusion.  The Supremacy Clause of the United States Constitution (as well as Federal Rule of Evidence 501) prevent a State from directing a federal court with regard to the evidence it may order produced in the adjudication of a federal claim.  See Memorial Hosp. for McHenry County v. Shadur, 664 F.2d 1058, 1063 (7th Cir. 1981) (holding that conflict between federal and state evidentiary law is "wholly illusory when considered in light of the Supremacy Clause" and that to "the extent Illinois' Medical Studies Act could be construed to exclude evidence relevant to a claim based on federal law in an action brought in federal court, it is rendered void and of no effect by that provision").  The plaintiff in this action has chosen to assert discrimination claims in federal court and under federal law.  The otherwise valid subpoena in this action therefore cannot be avoided on the ground that it is inconsistent with the District of Columbia privilege rules in section 7-1201.03.

---

[5] But see United States v. Diabetes Treatment Ctrs. of Am., No. 99-3298, 2004 WL 2009416, at *3 (D.D.C. May 17, 2004) ("[T]he Court finds that Florida law is not preempted by HIPAA, and, therefore, any discovery of the medical records of Florida patients must comply with Florida law governing such disclosures.").

## <u>CONCLUSION</u>

For the reasons stated above, the motion to suppress is DENIED.


_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge

Dated:   July 12, 2005

Copies to:

Robert C. Seldon
Robert C. Seldon & Associates, P.C.
1319 F Street, NW
Suite 305
Washington, DC 20004
(202) 955-6968 ext. 13
Fax: (202) 318-2287
      *Counsel for Plaintiff*

Peter S. Smith
United States Attorney's Office
555 4th Street, NW
Washington, DC  20530
(202) 307-0372
Fax: (202) 514-8780
      *Counsel for Defendant*

Cathy A. Harris
Kator, Parks & Weiser, PLLC
1020 19th Street, NW
Suite 350
Washington, DC 20036
(202) 898-4800
Fax: (202) 289-1389
Email: charris@katorparks.com
      *Counsel for Mary Jane Kane*